**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

RONALD COLLINS,

                Petitioner,

v.                                      CIVIL ACTION NO.  5:22-cv-00161
                                      (Criminal No. 5:18-cr-00068-01)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's April 4, 2022 motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 196), brought on the grounds, *inter alia*, that his counsel was ineffective, that the Court made erroneous rulings before and during trial, and that his temporary commitment to a mental hospital to gain competency in a state proceeding did not deprive him of the right to bear arms under state or federal law.

By *Standing Order* (Document 198) entered on April 6, 2022, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On September 7, 2022, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 213) wherein it is recommended that this Court deny the Petitioner's § 2555 motion. Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by September 26, 2022.  The Petitioner filed objections, styled *Reply by Petitioner to the Preliminary*

*Findings and Recommendations to Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255* (Document 218) on September 26, 2022.

## FACTS AND PROCEDURAL BACKGROUND

The PF&R sets forth the underlying facts and procedural history in detail.  The Court hereby incorporates those factual findings and includes this summary for clarity.

The Petitioner, Ronald Collins, was convicted on March 12, 2019, following a jury trial, of knowingly making a false and fictitious statement on a federal firearms form intended to deceive a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and with illegal possession of a firearm after having been involuntarily committed to a psychiatric hospital, in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2).  The convictions stemmed from his purchase of a firearm in January 2018.  Mr. Collins purchased the gun from a sporting goods store after completing an ATF form in which he indicated that he had never been committed to a mental health facility.

In March 2014, a state court found Mr. Collins incompetent to stand trial for state charges and committed him to Sharpe Hospital for restorative treatment.  He filed a petition for a writ of habeas corpus on October 20, 2014, challenging the validity of the commitment order.  The petition was dismissed after he was deemed competent in November 2014 and transferred to a Veteran's Administration Medical Center.  The state charges were ultimately dismissed.  The commitment order was never set aside or voided.

Mr. Collins sought to dismiss the federal firearms charge based on his contention that the underlying commitment violated his due process rights, and any subsequent prohibition on owning firearms violated his Second Amendment rights.  The Court denied his motion to dismiss, finding

2

that the validity of the commitment order could not be litigated in his federal criminal case and that the Second Amendment permitted restrictions on firearm possession by people with mental illness. Following his conviction, Mr. Collins appealed, and the Fourth Circuit affirmed, finding that his commitment barred him from possessing firearms and rejecting various claims of error related to the trial and sentencing.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Petitioner asserted several grounds for relief, including arguing that his temporary commitment did not deprive him of the right to bear arms and that his commitment had been overturned in state court, that the Court told his counsel to conceal exculpatory evidence, that he

3

was denied the ability to address material facts in his testimony, and that the Court and his counsel made various errors during trial. (PF&R at 7.) The United States argued in response that his § 2255 petition is time-barred, and that he would not be entitled to relief on the merits.

Judge Eifert concluded that the Petition was filed outside the one-year limitations period and no applicable facts or law support extension of the one-year period. The PF&R notes that judgment became final in Mr. Collins' criminal case on March 3, 2021, following his unsuccessful appeal to the Fourth Circuit, and his motion was placed in the prison mailing system on March 30, 2022, twenty-eight days late. Even if his motion were not barred by the statute of limitations, Judge Eifert found that "he still would not be entitled to relief because his claims have no merit." (PF&R at 13.) She explained that the Fourth Circuit's opinion on appeal forecloses his claim that his commitment did not support criminal charges under 18 U.S.C. § 922(g)(4). She found his claims that the Court, the Assistant United States Attorney, and his counsel engaged in fraud and conspiracy to wrongfully convict him through various errors are procedural defaults to the extent they were not raised in his appeal. She further explained that those claims lack merit, given that the basis of the allegations relate to the Petitioner's misunderstanding of the validity and impact of his state commitment. Finally, Judge Eifert found that the various allegations of misconduct and fraud were conclusory and unsupported by evidence.

The Petitioner begins his objections by accusing Judge Eifert of "making vague assentation's to violate Congressional Intent," and accusing the Assistant United States Attorney, this Court, Judge Eifert, Magistrate Judge Omar J. Aboulhosn, and the Federal Public Defenders' Office of various violations of due process, crimes, and other misconduct. (Obj. at 1.) He argues that West Virginia law does not prohibit possession of firearms for defendants committed to a

mental health facility to restore competency for state criminal proceedings.   He contends that Judge Eifert erred by failing to recognize the various ways in which he argues that his 2014 commitment was improper and could not form the basis of a federal charge for unlawful possession of a firearm.   For similar reasons, he argues that Judge Eifert erred in rejecting his argument, that the Court's ruling barring him from offering certain testimony related to the commitment proceeding, violated his rights.   He argues that the PF&R failed to fully address his allegations of fraud, abuse of process, conspiracy, and bias.   He contends that this Court violated his rights and exhibited bias through various rulings related to the scope of evidence and testimony surrounding the legal implications of his commitment and his subsequent belief that he was permitted to possess firearms.   Mr. Collins cites letters and other documents that the Court previously filed under seal as new evidence of the violation of his rights and corruption of the Court.   He requests the dismissal of all charges, a new trial, and, following his anticipated not guilty verdict, that "the Court will order the Movant to be armed at all times, as he sees fit, for his protection of the long-standing evidence of an organized criminal enterprise within the State of West Virginia."   (Obj. at 28.)

The Petitioner's objections do not substantively address the recommendation that this matter be dismissed as untimely.   28 U.S.C. § 2255(f) establishes a one-year statute of limitations, beginning from, as relevant here, "the latest of … (1) the date on which the judgment of conviction becomes final…or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

As Judge Eifert explained, judgment in Mr. Collins' criminal case was final on March 2, 2022, and he filed this action more than one year later.   He fails to identify any facts that were unavailable on that date and fails to identify a date on which he learned any previously unavailable

information.  The only evidence he references as "new" consists of documents that the Court placed under seal.  Most of those documents were submitted by Mr. Collins.  Some involved psychiatric records, which the Court seals to preserve the privacy of such records.  Others consist of letters sent to the Court by Mr. Collins, which contained potentially privileged material regarding the Defendant's discussions with his attorney and were sealed to avoid unintentional disclosure of those materials.  None of that information is new to the Petitioner.  Thus, the Court finds that the § 2255 motion should be dismissed as untimely.

The Petitioner's objections focus on Judge Eifert's alternative proposed ruling that he failed to state a meritorious claim.  Even if his claims were timely filed, dismissal would be appropriate on the merits.  Mr. Collins argues that his commitment did not deprive him of the right to bear arms under state law.  But he was prosecuted under federal law, and federal law does prohibit persons who have been committed to a mental institution from possessing firearms.  His claims and objections center on the issue at the heart of his appeal: whether his commitment to a mental institution to restore competency for a state court proceeding barred him from possessing a firearm in the future under 18 U.S.C. § 922(g)(4).  The Fourth Circuit addressed that question in Mr. Collins' direct appeal, concluding that "commitment to restore a person to competency fell 'squarely within any reasonable definition of 'committed' as used in § 922(g)(4).'"  (Fourth Cir. Op. at 10, quoting *United States v. Midgett*, 198 F.3d 143, 146 (4th Cir. 1999.))  That issue is therefore foreclosed by the Fourth Circuit's ruling. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

The Petitioner's arguments regarding this Court's pretrial and evidentiary rulings limiting evidence and testimony regarding the propriety of his commitment are similarly foreclosed.  As

the Court explained in denying Mr. Collins' motion to dismiss, "this Court is not the appropriate venue to litigate the state circuit court's order involuntarily committing Mr. Collins." (Mem. Op. at 7) (Document 88.)  Federal law bars certain classes of people, found to present a danger, from possessing firearms.  The law would be rendered meaningless if individuals in those classes could decide that their commitment, felony conviction, unlawful immigration status, dishonorable discharge, or other qualifying characteristic was unfair and therefore should be disregarded, without successfully invalidating the qualifying condition through formal proceedings.  Therefore, the Court finds that none of Mr. Collins' objections have merit, and his claims are subject to dismissal on the merits.

**CONCLUSION**

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation* (Document 213), and **ORDERS** that the Petitioner's objections, styled *Reply by Petitioner to the Preliminary Findings and Recommendations to Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255* (Document 218) be **OVERRULED**.  The Court further **ORDERS** that the motion to dismiss contained in the *Response of the United States in Opposition to Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255* (Document 204) be **GRANTED** and that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 196) be **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

The Court has additionally considered whether to grant a certificate of appealability.  *See* 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the

denial of a constitutional right." *Id.* § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The Court concludes that the governing standard is not satisfied in this instance.  Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented party.

ENTER:    November 2, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA